IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:07-CV-24-FL

| | | |
|---|---|---|
| JOSEPH W. BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

In this action, plaintiff Joseph W. Brewer ("plaintiff") challenges the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits ("DIB") on the grounds that he is not disabled. The case is before the court on the parties' respective motions for judgment on the pleadings. (DE #11, 14). The motions were referred to the undersigned Magistrate Judge for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that defendant's motion be granted, plaintiff's motion be denied, and the final decision of the Commissioner be affirmed.

## I. BACKGROUND

### A. Case History

Plaintiff filed an application for DIB on 30 July 2003, alleging a disability onset date of 26 May 2003 due to cardiomegaly (*i.e.*, an enlarged heart), seizures, chronic obstructive pulmonary disease (*i.e.*, COPD), angina (*i.e.*, chest pain caused by inadequate supply of oxygen to the heart), back pain, and occupational pneumoconiosis (*i.e.*, the formation of fibrous nodules in the lungs resulting from the repeated inhalation of particles). Transcript of Proceedings ("Tr.") 69-71, 82. The

application was denied initially, *id.* 25, and again upon reconsideration, *id.* 31, and a request for hearing was timely filed, *id.* 36. On 10 November 2005, a hearing was held before an Administrative Law Judge ("ALJ"). *Id.* 328-54. The ALJ issued a decision denying plaintiff's claim on 12 June 2006. *Id.* 14-22. Plaintiff timely requested review by the Appeals Council, *id.* 10, and submitted four additional exhibits, one a letter from plaintiff's counsel and the other three evidentiary exhibits, *id.* 9, 313-327. The Appeals Council considered the additional evidence and denied the request for review on 8 December 2006. *Id.* 6-8. At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. § 404.1581. Plaintiff commenced this proceeding for judicial review on 7 February 2007, pursuant to 42 U.S.C. § 405(g).

## B. Standards for Disability

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The Act goes on to describe disability more specifically in terms of impairments:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(2)(A).

The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically

2

acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The burden of proving disability falls upon the claimant. *English v. Shalala*, 10 F.3d 1080, 1082 (4th Cir. 1993).

The disability regulations under the Act ("Regulations") provide the following five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R. § 404.1509], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. Part 404, subpt. P, app. 1] ["listings"] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such

3

impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

### C. Findings of the ALJ

Plaintiff was forty years old on the alleged onset date of disability and forty-three years old on the date of the administrative hearing. Tr. 69, 328. Plaintiff has a high school education and his past work experience included employment as an asphalt paving machine operator, garbage collector driver, and street sweeper operator. *Id.* 14.

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ made the finding at step one that plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. *Id.* 15, 20 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairments which were severe within the meaning of the Regulations, 20 C.F.R. § 404.1520(c): mild cardiomegaly without evidence of congestive heart failure, history of seizure disorder, chronic obstructive pulmonary disease/emphysema, mild lumbar spine disorder, and a brain cyst. *Id.* 17-18, 21 ¶ 3. At step three, however, the ALJ found that plaintiff's impairments did not meet or medically equal any of the listings. *Id.* 18, 21 ¶ 4.

At step four, the ALJ determined that plaintiff had the RFC to perform work at the sedentary exertional level. *Id.* 20. Specifically, the ALJ found plaintiff able to: lift ten pounds occasionally; stand or walk for two hours and sit for six hours in an eight-hour work day; and occasionally bend at the waist, crouch, kneel, and crawl. The ALJ also determined that plaintiff: cannot balance except as necessary for activities of daily living; cannot climb ladders, ropes, scaffolds, dangerous machinery, and unprotected heights; and should avoid moderate exposure to pollutants, gas, dusts,

fumes, and pulmonary irritants. *Id.* 19, 21 ¶ 7. Based on this RFC, the ALJ found that plaintiff could not perform any of his past relevant work. *Id.* 19, 21 ¶ 8. At step five, the ALJ, using both Medical-Vocational Rule 201.27 and the testimony of a vocational expert, found that, based on plaintiff's RFC, age, educational background, and work experience, he was capable of making a successful adjustment to work that exists in significant numbers in the national economy, including the sedentary jobs of food and beverage order clerk in the hotel and restaurant industry, food checker in the same industry, and address clerk. *Id.* 20, 21 ¶ 13.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See, e.g., Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401. When, as here, the Appeals Council accepts into the record evidence relating to the alleged period of disability not presented to the ALJ, the court "must

5

Case 7:07-cv-00024-FL   Document 16   Filed 07/02/08   Page 5 of 20

review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the [Commissioner's] findings." *Wilkins v. Secretary of Health and Human Services*, 953 F.2d 93, 96 (4th Cir. 1991).

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### B. Overview of Plaintiff's Contentions

Plaintiff contends that the ALJ's decision should be reversed on the principal grounds that the ALJ erred by: (1) failing to find certain of plaintiff's impairments to be severe; (2) failing to properly assess the opinion on disability of plaintiff's primary care physician; and (3) finding that plaintiff had the RFC to perform sedentary work. The court, having carefully reviewed the record,

6

will also discuss *sua sponte* the issue of additional medical evidence submitted to the Appeals Council that was not before the ALJ. Each of these issues is examined in turn below.

C.  **Lack of Severity Finding on BNP and Headaches**

Plaintiff argues that the ALJ erred by failing to find his bilateral peripheral neuropathy ("BNP") and chronic headaches to be severe impairments. The court disagrees. The ALJ's severity finding encompasses these impairments because it includes the conditions underlying them.

There is certainly evidence in the record that in his lower extremities plaintiff has BNP, "[a] problem with the nerves that carry information to and from the brain and spinal cord . . . produces pain, loss of sensation, and inability to control muscles." Medline Plus Medical Encyclopedia, http://www.nlm.nih.gov/medlineplus/ency/article/000593.htm. For example, a 15 September 2004 nerve conduction study obtained by plaintiff's primary care physician, Eddie N. Powell, M.D., suggestive of nerve problems with his lower limbs, and complaints by plaintiff to Dr. Powell of leg numbness and a limited ability to walk. Tr. 275-78, 289; *see also id.* 266, 306. At the hearing, plaintiff testified that he lost his balance frequently, forcing him to walk with the assistance of a cane, *id.* 337, and had to spend four to five hours a day lying down with his legs elevated, *id.* 338. He identified his nerve problems, or neuropathy, as a cause of these impairments. *Id.* 337, 338.

The evidence of record, however, associates the BNP in plaintiff's lower extremities with a bulging disc in plaintiff's lower spine and related lumbar spine problems. *See id.* 233-34, 266. Indeed, in his testimony plaintiff himself identified his back conditions as a cause of the symptoms with his legs. *Id.* 337, 338. In essence, the BNP is a symptom of the spine problems. *See* 20 C.F.R. 404.1528. As indicated, the ALJ expressly determined plaintiff's mild lumbar spine disorder to be

7

a severe impairment. *Id.* 17-18, 21 ¶ 3. The court believes that this finding adequately accounts for the BNP impairment plaintiff alleges.

Similarly, the record shows that plaintiff's chronic headaches are caused by a cyst in plaintiff's brain. *See id.* 178. Plaintiff concedes in his memorandum of law that his headaches are a byproduct of the brain cyst. (Pl.'s Mem. (DE #12), p. 13). The headaches are in essence a symptom of the cyst. As indicated, the ALJ found expressly that plaintiff's brain cyst was a severe impairment. Tr. 18, 21 ¶ 3. The court believes that this finding adequately accounts for plaintiff's headaches. For this and the other reasons stated, plaintiff's challenge to the ALJ's severity determination is meritless.

### D. Assessment of Treating Physician Opinion on Disability

In various documents in the record, Dr. Powell, who treated plaintiff from 2003 until at least 2005, expresses the opinion that plaintiff is totally disabled. These documents include a two-paragraph letter to Disability Determination Services dated 26 August 2003, *id.* 18; a completed report form, dated 3 September 2003, that appears to be in support of an application by plaintiff for disability benefits from the Local Governmental Employees' Retirement System ("Retirement System"), *id.* 183-84; and a letter to plaintiff's counsel dated 19 October 2004, *id.* 258-61.

Arguably the most comprehensive of these documents, and the one which the ALJ discusses expressly, is the 19 October 2004 letter. In it, plaintiff states:

> Please be advised it is my medical and professional opinion, Mr. Brewer is disable[d] to such an extent that his ability to engage in any substantial gainful activities or employment by reasons of medically determinable physical, mental and cardiac impairments: total and permanent disable

*Id.* 260. Dr. Powell supports the conclusion with a summary of plaintiff's medical history and findings of severe limitations in various functional areas. *Id.* 258-60. In her decision, the ALJ stated that she gave "little weight" to Dr. Powell's opinion. *Id.* 17. Plaintiff contends that the ALJ erred in not fully crediting the opinion. The court finds the ALJ's determination to be lawful.

While the medical opinions[1] of treating physicians are not entitled to controlling weight, the ALJ may accord them less weight only if they are not supported by clinical evidence or are inconsistent with other substantial evidence of record. *See Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001); *see also King v. Barnhart*, 415 F. Supp. 2d 607, 611 (E.D.N.C. 2005); 20 C.F.R. § 404.1527(d)(2). The opinions of a physician on issues reserved to the Commissioner, that is, legal conclusions, are not entitled to special weight because of their source, including statements that the claimant is disabled or unable to work. *Morgan v. Barnhart*, 142 Fed. Appx. 716, 721-22, 2005 WL 1870019, at *4 (4th Cir. 5 Aug. 2005) (citing 20 C.F.R. § 404.1527(e)(1), (3)). However, these opinions must still be evaluated and accorded appropriate weight. *Id.* (citing SSR 96-5p, at *3). More weight should be given the more the physician presents relevant supporting evidence, the better he explains the opinion, and the more consistent the opinion is with the record as a whole. *Patterson v. Barnhart*, No. 5:06cv00037, 2007 WL 895136, at *8 (W.D. Va. 23 March 2007) (citing 20 C.F.R. § 404.1527(d)(3), (4)).

---

[1] "Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of [the claimant's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairments(s), . . . and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2)

9

In accordance with these principles, the ALJ's decision makes it clear that she reviewed in detail the records of Dr. Powell,[2] including his opinion letter, along with the other medical evidence in the record. *See* Tr. 15-18. She explained that she accorded "little weight" to Dr. Powell's opinion because "it is inconsistent with laboratory and clinical findings and is inconsistent with the record when considered in its entirety." *Id.* 17. She explained specifically that Dr. Powell's opinion is "extreme compared to the majority of the evidence." *Id.* As an example, she noted that although Dr. Powell stated that plaintiff has "severe cardiomegaly," *id.* 258, 260, a chest x-ray in March 2004 revealed that the cardiomegaly was questionable and mild at worst, *id.* 239. *Id.* 17. The ALJ also noted that Dr. Powell diagnosed plaintiff as having "severe seizures," *id.* 258, 260, despite the fact that medical records showed and plaintiff testified that he had not suffered a seizure since 1995, *id.* 233, 340. *Id.* 18. In addition, the ALJ properly notes that Dr. Powell's conclusion that plaintiff is disabled in not entitled to special weight based on its source because the conclusion is on the ultimate issue of disability. *Id.* 17.

Other evidence in the record supports the ALJ's findings. For example, as she notes in her assessment of plaintiff's credibility, the results of a physical examination in March 2004 by consulting physician Ferriss Y. Locklear, M.D. were unremarkable. *Id.* 18, 233-38. Similarly, a cardiac catheterization of plaintiff in May 2003 showed that he had essentially normal coronaries. *Id.* 18, 131.

---

[2] As the ALJ notes, many of Dr. Powell's records are not legible. Tr. 15-16. Nevertheless, the ALJ obviously determined that the records by Dr. Powell were sufficiently complete to enable her to determine his assessment of plaintiff. The 19 October 2004 letter alone provides a summary of Dr. Powell's assessment. The court finds the ALJ's determination to be proper.

Moreover, it is apparent from the ALJ's RFC determination that she did give some weight to Dr. Powell's findings, as she said she did. The RFC limits plaintiff to only sedentary work and less than a full range of such work *Id.* 20, 21 ¶¶ 12, 13.[3] In addition, specific limitations in Dr. Powell's 19 October 2004 letter and other records are reflected in the ALJ's RFC determination, including the findings that plaintiff cannot balance except as necessary for activities of daily living; cannot climb ladders, ropes, scaffolds, dangerous machinery, and unprotected heights; and should avoid moderate exposure to pollutants, gas, dusts, fumes, and pulmonary irritants. *Id.* 16, 19, 21 ¶ 7, 179, 180, 259-60.

Plaintiff's contention that the ALJ erred by not discussing each of the above-referenced documents by Dr. Powell addressing his opinion on disability lacks merit. An ALJ is not required to discuss every piece of evidence. *Anderson v. Bowen*, 868 F.2d 921, 924 (7th Cir. 1989). Even so, the ALJ did expressly cite to the exhibit (*i.e.*, Exhibit 6F) containing the other opinion documents, *see* Tr. 16, and, as just discussed, did apparently base some of her findings on plaintiff's limitations on these documents. The other opinion documents are in any event largely cumulative of the 19 October 2004 letter. For this and the other reasons discussed, the court finds that the ALJ applied the proper legal standard in assessing Dr. Powell's opinion and that the assessment is supported by substantial evidence.

---

[3] A consulting physician who performed an evaluation of plaintiff's record, Sankar Kumar, M.D., found that the degree of restrictions Dr. Powell placed on plaintiff in various notes was not supported by Dr. Powell's own findings and determined that plaintiff was capable of a range of light work. *Id.* 246. The ALJ did not adopt Dr. Kumar's light work determination on the grounds that he did not have the opportunity to examine plaintiff or consider the record as a whole. *Id.* 19.

11

### E. RFC Determination

Plaintiff contends that the ALJ's finding that plaintiff could perform work at the sedentary exertional level is not supported by substantial evidence. Sedentary work, the lowest exertional level recognized by the Regulations, is defined in relevant part as work that involves lifting no more than ten pounds at a time; occasionally lifting or carrying articles like docket files, ledgers, and small tools; and occasionally standing and walking. *See* 20 C.F.R. § 404.1567(a). Plaintiff appears to advance three principal bases for his contention: (1) the ALJ failed to find plaintiff's BNP and headaches to be disabling; (2) the ALJ did not consider the purported finding by his former employer, the City of Fayetteville ("Fayetteville"), that plaintiff was disabled; and (3) the ALJ did not properly assess plaintiff's credibility. The court will address each contention in turn.

#### 1. Limitations on Plaintiff due to BNP and Headaches

Plaintiff contends not simply that plaintiff's BNP and chronic headaches are severe impairments, but appears to contend as well that they impose limitations preventing plaintiff from doing even sedentary work. He relies largely on his own testimony, as previously discussed, and Dr. Powell's records. The ALJ, of course, did not find these conditions to impose disabling limitations. The court finds that the ALJ's determination is supported by substantial evidence.

Specifically, much of the same evidence discussed elsewhere in this Memorandum that supports the ALJ's determination regarding Dr. Powell's disability opinion and her determination regarding plaintiff's credibility also supports her determination that plaintiff's limitations are not disabling. Of particular note is the consultative examination by Dr. Locklear, which the ALJ herself discussed at length. *Id.* 16-17. Dr. Locklear found that plaintiff has good strength in the upper and lower extremities, steady gait, and does not require a cane for ambulation. *Id.* 236. Plaintiff could

12

sit, stand, move about, and perform dexterous movements such as picking up small objects, write, turn knobs, and pinch. *Id.* 236-37. He further concluded that plaintiff could walk four hundred feet, lift five pounds, sit for thirty to sixty minutes, and lie down for three hours. *Id.* 234.

Dr. Locklear's findings are consistent with the evaluation by neurosurgeon George V. Huffmon III, M.D. in June 2003. *Id.* 152-53. He found that plaintiff was in no acute distress, had normal gait, and full (*i.e.*, 5/5) motor strength in the upper and lower extremities. *Id.* 152-53. The ALJ discussed Dr. Huffmon's evaluation in her decision. *Id.* 16.

While plaintiff appears to contend that his dizziness in particular was disabling, the record does not support that contention. For example, at the hearing, plaintiff himself described his problem as becoming "a little dizzy." *Id.* 335. In the month preceding the hearing, plaintiff testified that he had had only three dizzy spells. *Id.* Plaintiff denied trouble with dizziness when examined by Dr. Huffmon. *Id.* 152. The ALJ expressly discussed plaintiff's testimony, Dr. Huffmon's report, and other relevant evidence. The restriction in the RFC that plaintiff not climb ladders, ropes, scaffolds, dangerous machinery, and unprotected heights is responsive to safety concerns presented by any dizziness plaintiff has. It was not essential for the ALJ to discuss plaintiff's dizziness because her assessment of it is apparent from the record.

With respect to plaintiff's headaches, plaintiff points to no evidence establishing that they preclude him from performing sedentary work. The record simply does not support such contention, and it is apparent that the ALJ reached that conclusion. The court also notes that plaintiff's activities of daily living, which include living alone, doing his own cooking, cleaning, laundry, and riding a lawnmower, are supportive of the ALJ's determination that plaintiff's conditions are not disabling. *Id.* 18, 345. Plaintiff's challenge to this determination is accordingly rejected.

13

### 2. Alleged Disability Determination by Fayetteville

Without citation to the record, plaintiff states in his brief that "he was found to be disabled by and was receiving retirement benefits from [Fayetteville]" and that the ALJ wrongfully "makes no reference at all to the determination by [Fayetteville]." (*See* Plf.'s Mem., p. 22). Plaintiff's contention that he was found to be disabled is not supported by the record.

It is true that under the Regulations an ALJ must consider disability decisions of other agencies regarding whether a claimant is disabled, although he is not bound by them. *See* 20 C.F.R. § 404.1504, 20 C.F.R. § 404.1512(b)(5). Case law in our circuit is in accord. *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968) ("Weight should be given to the findings of the Virginia Compensation Commission even though same is not determinative of the issue.") (quoting *Hayes v. Celebrezze*, 311 F.2d 648, 654 (5th Cir. 1963)); *Hayes v. Barnhart*, 4:05CV43, 2006 U.S. Dist. LEXIS 14823, at *8 (W.D. Va. 30 March 2006) ("findings and decisions by other governmental agencies concerning a claimant's disabilities must be considered by the Commissioner. . . ."). Soc. Sec. R. 06-3p requires the ALJ to "evaluate all the evidence in the case record . . . including decisions by other governmental and nongovernmental agencies."

Plaintiff's contention fails, however, because the record does not contain or otherwise establish the existence of a determination by Fayetteville or any other governmental entity that plaintiff is disabled. At the hearing, statements by plaintiff and his counsel indicated that plaintiff had previously filed a claim for workers' compensation benefits through another attorney apparently for an injury received while working for Fayetteville, but that the claim was deficient in some respect. Tr. 347. Plaintiff's present attorney stated that he was pursuing another claim on plaintiff's behalf, but that "it is just in the beginning." *Id.*

14

Similarly, the record contains the 3 September 2003 report form by Dr. Powell discussed above relating to plaintiff's apparent application for Retirement System disability benefits, *id.* 183-84, and two Medical Report for Disability Eligibility Review forms ("Disability Review forms"), both dated as of 2006, that also appear to relate to such benefits, *id.* 320-27. In addition, plaintiff testified that he receives $1,159 per month as retirement benefits. *Id.* 345. However, there is no document in the record stating that the Retirement System determined plaintiff to be disabled or that the retirement benefits plaintiff is receiving are based on a disability determination. These benefits were not characterized at the hearing as based on a disability finding.

The ALJ obviously cannot be faulted for failing to address a disability determination that has not been shown to exist. Plaintiff's contention that the ALJ failed to consider such a determination therefore fails.

### 3. Plaintiff's Credibility

The ALJ found that "the testimony of the claimant is not fully credible concerning his symptoms and the extent of his limitations, but it is credible concerning his activities of daily living, which include housework and yard work." *Id.* 18. At the hearing, plaintiff's complaints included dizziness, headaches, and, as discussed, leg neuropathy. *Id.* 335-38. Plaintiff argues that the ALJ's failure to fully credit plaintiff's testimony regarding his pain and other alleged limitations is not supported by substantial evidence. The court disagrees.

As noted, this court is not permitted to make credibility assessments, but must determine if the ALJ's credibility assessment is supported by substantial evidence. *Craig,* 76 F.3d at 589. The ALJ's assessment involves a two-step process. First, the ALJ must determine whether plaintiff's medically documented impairments could cause plaintiff's alleged symptoms. *Id.* at 594-95. Here,

15

no error has been alleged with respect to this step. *See* Tr. 17-18. Next, the ALJ must evaluate plaintiff's statements concerning those symptoms. *Craig,* 76 F.3d at 595. If the ALJ does not find plaintiff's statements to be credible, the ALJ must cite "specific reasons" for that finding that are "grounded in the evidence." *Dean v. Barnhart,* 421 F. Supp. 2d 898, 906 (D.S.C. 2006) (*quoting* Soc. Sec. R. 96-7p).

The ALJ provided a detailed explanation of her credibility determination. She first stated that it was supported by the record as a whole. Tr. 18. The ALJ then cited to a recent x-ray report which put into question the severity and existence of plaintiff's cardiomegaly; the long gap between seizures, as shown by plaintiff's testimony and medical reports; results from a cardiac catheterization which showed normal arteries; and generally unremarkable physical and consultative examinations. *Id.*

Moreover, it is apparent that the ALJ did give some weight to plaintiff's complaints. The ALJ expressly rejected the finding by the non-examining state agency consulting physicians that plaintiff could perform a range of light work and instead found, as indicated, that he was limited to sedentary work. *Id.* 19, 21 ¶ 3.

There is other evidence in the record that supports the ALJ's determination on plaintiff's credibility. For example, as discussed, while plaintiff testified that he walks with the assistance of a cane, *id.* 337, Dr. Locklear noted during his examination of plaintiff that plaintiff's gait was steady and plaintiff did not require a cane for ambulation, *id.* 236.

For this and the other reasons stated, the court finds that the ALJ's credibility determination is supported by substantial evidence and this final challenge to the ALJ's RFC determination

therefore fails. The court concludes that the RFC determination is in all respects supported by substantial evidence.

**F.     Additional Evidence Submitted to Appeals Council**

As indicated, plaintiff submitted and the Appeals Council admitted into the record three additional evidentiary exhibits not before the ALJ. The issue presented by such additional evidence is whether the case needs to be remanded to enable the ALJ to consider and make findings based on the record as supplemented by this additional evidence prior to any judicial review.

Remand is required if the additional evidence is "new," meaning that it is not cumulative or duplicative, and "material," meaning that there is a reasonable possibility that the evidence would have produced a different result.[4] *See King v. Barnhart*, 415 F. Supp. 2d 607, 611 (E.D.N.C. 2005) (discussing application of these standards in *Wilkins*, 953 F.2d 94-96, and *Thomas v. Comm'r of Soc. Sec.*, 24 Fed. Appx. 158, 2001 WL 1602103 (4th Cir. 17 Dec. 2001) where additional evidence required remand). A particular factor courts consider is whether the additional evidence contains the opinions of a treating physician because of the significant weight such opinions can carry. *See King*, 415 F. Supp. 2d at 611 (noting additional evidence contained treating physician opinions in *Wilkins* and *Thomas*), 612 (noting absence of such opinions in additional evidence in case before court).

Review of the additional evidence here shows that it is neither new nor material. One of the additional exhibit comprises two radiologist reports of MRI's taken on 17 June 2006, one of the lumbar spine, Tr. 316-17, and the other of the brain, *id.* 318-19. The report on the lumbar spine

---

[4] These standards are included in those which govern whether the Appeals Council should consider evidence submitted to it that was not before the ALJ. *See Wilkins*, 953 F.2d at 95-96. Neither party here contests the Appeals Council's consideration of the additional evidence and the court finds that it was proper.

17

describes it as largely normal. *Id.* 316. It is also described as being "without significant change from 7-02-2003," referring to an MRI taken on that date. *Id.* 316. This prior MRI was in the original record before the ALJ. *Id.* 156.

The MRI report on plaintiff's brain describes the brain as normal, except for the cyst. *Id.* 318. The radiologist also notes that there is essentially no change from a prior July 2003 MRI, *id.* 318, which was before the ALJ, *id.* 157.

The radiologist reports on the MRI's are therefore cumulative of evidence that was before the ALJ. In addition, this evidence could not reasonably be expected to produce a different result in the case.

The other two exhibits are the two copies of the Disability Review forms, one by Dr. Powell dated 23 June 2006, *id.* 320-23, and the other by Abrahim Oudeh, M.D., dated 26 September 2006, *id.* 324-27. The form by Dr. Powell is almost wholly cumulative of his letter of 19 October 2004 discussed above. All the conditions referenced in the form are also addressed in his letter, and Dr. Powell reaches the same conclusion that plaintiff is disabled. *See id.* 258-60, 320-21. Dr. Powell does state in the form, without explanation, that "Patients [*sic*] condition will only worsen over the years." *Id.* 321. Although this assessment was not expressly stated in the letter, it was arguably implied by the findings that plaintiff's prognosis was poor, he would continue to experience severe intermittent pain, and his disability was permanent. *See id.* 258, 259, 260. In any event, the future capability of plaintiff to work is not relevant to the determination of plaintiff's capability to work during the period that was before the Commissioner. *See Edwards v. Astrue*, 7:07CV48, 2008 WL 474128, at *9 (W.D. Va. 20 Feb. 2008).

18

The form by Dr. Oudeh is almost an exact copy of the completed form by Dr. Powell. Either the same or virtually identical handwritten answers are given to many of the questions. For example, in answer to the question whether improvement can be expected within one year of treatment, Dr. Oudeh responds with the same answer as Dr. Powell, including the same error in spelling: "Patients [*sic*] condition will only worsen over the years." *Id.* 325. The form by Dr. Oudeh is therefore duplicative of Dr. Powell's form and is subject to the same considerations previously discussed. Moreover, there is no documentation showing the nature and length of the treatment relationship, if any, between plaintiff and Dr. Oudeh, further diluting its evidentiary value.

The forms by Dr. Powell and Dr. Oudeh are therefore both cumulative of the record before the ALJ and could not reasonably be expected to produce a different result. Accordingly, none of the three evidentiary exhibits admitted by the Appeals Council qualifies as new or material evidence warranting remand of this case to the Commissioner.

## III. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that defendant's motion for judgment on the pleadings be ALLOWED, plaintiff's motion for judgment on the pleadings be DENIED, and the final decision of the Commissioner be AFFIRMED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten business days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 1st day of July, 2008.

James E. Gates
United States Magistrate Judge