IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:07-CV-24-FL

| | |
|---|---|
| JOSEPH W. BREWER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security, )<br>)<br>Defendant. ) | ORDER |

This matter is before the court on plaintiff's motion for summary judgment (DE #11), and defendant's motion for judgment on the pleadings (DE #14). United States Magistrate Judge James E. Gates issued memorandum and recommendation ("M&R") wherein it was recommended that this court deny plaintiff's motion and grant defendant's motion. Plaintiff timely filed objections. In this posture, the issues raised are ripe for decision. For reasons that follow, the matter is resolved in favor of defendant on the parties' cross-motions.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits on July 30, 2003, alleging a disability onset date of May 26, 2003 due to cardiomegaly (*i.e.*, an enlarged heart), seizures, chronic obstructive pulmonary disease, angina (*i.e.*, chest pain caused by inadequate supply of oxygen to the heart), back pain, and occupational pneumoconiosis (*i.e.*, the formation of fibrous nodules in the lungs resulting from the repeated inhalation of particles). The application was denied initially and again upon reconsideration, and a request for hearing timely was filed.

On November 10, 2005, hearing was held before Administrative Law Judge ("ALJ") Robin Palenske. The ALJ issued decision denying plaintiff's claim on June 12, 2006. Plaintiff requested review by the Appeals Council and submitted additional evidence. The Appeals Council, having considered the additional evidence, denied the request for review on December 8, 2006, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). In his motion for summary judgment, plaintiff contends that the ALJ's decision should be reversed on the principal grounds that the ALJ erred by: 1) failing to find certain of plaintiff's impairments to be severe; 2) failing to properly weigh the treating physician's opinions on plaintiff's disability; 3) finding that plaintiff has the residual functional capacity to perform sedentary work; and 4) finding plaintiff's subjective complaints not credible.

In M&R entered July 1, 2008, the magistrate judge rejected plaintiff's arguments and recommended that this court grant defendant's motion for judgment on the pleadings and uphold the decision of the Commissioner denying benefits.

## DISCUSSION

### A. Standard of Review

The court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for judgment on the pleadings. 28 U.S.C. § 636(b)(1)(A)-(B). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court is

2

obligated to make *de novo* determinations of those portions of the M&R to which objections have been filed. Id.; see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

This court is authorized to review the Commissioner's denial of disability insurance benefits under 42 U.S.C. §§ 405(g) and 1383(c)(3). It must uphold the findings of an ALJ if supported by substantial evidence and reached through application of the correct legal standard. 42 U.S.C. § 405(g); Craig v. Chater, 76 F.3d 585, 589 (4th. Cir. 1996) (superseded by statute on other grounds). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Where, as here, the Appeals Council accepts into the record new evidence relating to the alleged period of disability not presented to the ALJ, the court "must review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the [Commissioner's] findings." Wilkins v. Sec'y of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991).

In its inquiry, this court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence and was reached through application of the correct legal

3

standard. Id.; Blalock, 483 F.2d at 775. With these principles in mind, and having benefit of the M&R, the court turns to the arguments at hand.

## B. Plaintiff's M&R Objections

### 1. Opinions of the Treating Physician

Plaintiff first objects to the M&R on the basis that the ALJ failed to accord proper weight to the opinion of plaintiff's treating physician, Dr. Powell. Specifically, plaintiff contends the ALJ erred by ignoring three opinion statements from Dr. Powell, by failing to adequately articulate the reasons for giving "little weight" to Dr. Powell's opinion letter dated October 19, 2004, and by failing to properly apply the standards set forth in 20 C.F.R. § 404.1527 in evaluating Dr. Powell's opinion.

The court agrees with the magistrate judge that the ALJ did not err by failing to discuss in the decision three documents written by Dr. Powell on September 3, 2003 (Tr. 178-79, 183-84)[1], and August 26, 2003 (Tr. 180)[2]. Plaintiff contends that the ALJ violated Social Security Ruling ("SSR") 96-5p by failing to mention these three documents in the decision. SSR 96-5p states, in relevant part, that "opinions from any medical source on issues reserved to the Commissioner must never be ignored. . . .If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the

---

[1] In his objections to the M&R, plaintiff states that Dr. Powell's medical statement in support of plaintiff's application for disability from the state of North Carolina was completed on April 6, 2004, but it appears that it was completed on September 3, 2003. (Tr. 184.) In this document, Dr. Powell opines that plaintiff is totally and permanently disabled to perform his usual occupation. (Tr. 183.) In the medical notes dated September 3, 2003, Dr. Powell lists plaintiff's symptoms and impairments and places the following restrictions on plaintiff: "[n]o bending, climbing, crawling, exposure to heights, exposure explained and noxious fumes and any activities that causes onset of symptoms." (Tr. 178-79.)

[2] In this two-paragraph letter to North Carolina's Disability Determination Services, Dr. Powell lists plaintiff's diagnoses and opines that plaintiff is "100% totally disabled to work." (Tr. 180.)

4

extent to which the opinion is supported by the record." SSR 96-5p at *3.

While the ALJ must evaluate all of the evidence in the case record, the ALJ is not required to comment in the decision on every piece of evidence in the record, and the ALJ's failure to discuss a specific piece of evidence is not an indication that the evidence was not considered. Green v. Shalala, 51 F.3d 96, 101 (7th Cir.1995) ("A written evaluation of each piece of evidence or testimony is not required."); see also Phillips v. Barnhart, 91 Fed. Appx. 775, 780 n.7 (3d Cir. 2004) ("[T]he ALJ's mere failure to cite specific evidence does not establish that the ALJ failed to consider it."); Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) ("Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted."); Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (finding that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection" insufficient to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole). Even so, the ALJ did cite to the exhibit (Exhibit 6F) containing the three opinion documents upon which plaintiff's objection is based (Tr. 16) and discuss the letter from Dr. Powell dated October 19, 2004, which bills itself as a "final medical assessment" and is largely cumulative of the earlier documents (Tr. 17, 258-61). The ALJ further found that plaintiff suffers from many of the impairments that Dr. Powell diagnosed, such as cardiomegaly, seizure disorder, chronic pulmonary disease/emphysema, and brain cyst. (Tr. 17-18.) For these reasons, the court finds that the ALJ did not err in failing to discuss the three documents cited in plaintiff's objections to the M&R.

A treating physician's medical opinion is entitled to controlling weight "if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not

5

inconsistent with the other substantial evidence in the record." Mastro, 270 F.3d at 178 (citing 20 C.F.R. § 416.927(d)(2)). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178 (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir.1992)). While an ALJ may not reject medical evidence for no reason or for the wrong reason, see King v. Califano, 615 F.2d 1018, 1020 (4th Cir.1980), an ALJ may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source, based on the factors set forth at 20 C.F.R. §§ 404.1527(d), 416.927(d), if he sufficiently explains his rationale and if the record supports his findings. The opinions of a treating physician on issues reserved to the Commissioner, such as whether the claimant is disabled under the Social Security Act ("Act"), are never entitled to controlling weight or special significance, but they must still be evaluated. 20 C.F.R. § 416.927(e)(1),(3); 20 C.F.R. § 404.1527(e)(1),(3); SSR 96-5p at *3.

Upon *de novo* review of the record, the court agrees with the magistrate judge's finding that the ALJ did not err in assigning decreased weight to the opinion of one of plaintiff's treating sources. The magistrate judge concluded, and this court concurs, that the ALJ provided an adequately explained rationale for discounting the weight of Dr. Powell's opinion. Contrary to plaintiff's contention, the ALJ did consider the relevant factors set forth in 20 C.F.R. § 404.1527(d). Specifically, the ALJ noted that Dr. Powell treated plaintiff from April 2003 through April 2005 (Tr. 15) and considered the record as a whole in determining Dr. Powell's opinion to be "extreme" compared to the majority of evidence and "inconsistent with laboratory and clinical findings." (Tr.

6

17.) The ALJ also cited two specific examples where Dr. Powell's medical opinions were inconsistent with other medical findings in the record. First, the ALJ noted that although Dr. Powell stated plaintiff has "severe cardiomegaly," (Tr. 258), a March 2004 chest x-ray found plaintiff's cardiomegaly to be mild at worst (Tr. 239). Second, the ALJ noted that Dr. Powell characterized plaintiff as having "severe seizures" (Tr. 258) even though plaintiff's medical records and testimony showed that he has not suffered a seizure since 1995 (Tr. 233, 340).

Other substantial evidence in the record supports the ALJ's findings. The ALJ noted that plaintiff's cardiac catheterization in May 2003 revealed essentially normal coronaries (Tr. 16, 18, 131), and that the results of a March 2004 physical examination by Dr. Ferriss Locklear, a consulting physician, were unremarkable (Tr. 16-17, 18, 233-38). Furthermore, the ALJ correctly stated that Dr. Powell's conclusion on plaintiff's disability is not entitled to any special weight because the conclusion is on an issue reserved to the Commissioner. (Tr. 17.) The court thus finds that the ALJ adequately explained the reasons for giving decreased weight to Dr. Powell's opinion, and that substantial evidence supports the ALJ's determination with respect to these opinions.

The court also finds the ALJ did not have a duty to obtain additional medical evidence because the medical records were not "inadequate" for purposes of determining whether plaintiff was disabled. See 20 C.F.R. § 416.912(e). The medical record, rather than being inadequate, furnished sufficient evidence for the ALJ to classify plaintiff's medical impairments as "severe" under 20 C.F.R. § 404.1520(c) and to find that plaintiff was capable of performing a limited range of sedentary work. (Tr. 21.) The ALJ did not find Dr. Powell's medical opinions inadequate to determine disability; rather, the ALJ found them extreme and inconsistent with the record as a whole.

7

Under such circumstances, the ALJ was under no duty to seek additional medical evidence from Dr. Powell.

## 2. Residual Functional Capacity Analysis

Plaintiff's second objection to the M&R asserts that the ALJ's determination that plaintiff has the residual functional capacity ("RFC") to perform certain sedentary work is not supported by substantial evidence. Specifically, plaintiff alleges that the ALJ ignored favorable evidence regarding plaintiff's bilateral peripheral neuropathy, headaches, and dizziness, and improperly assessed the credibility of plaintiff's testimony about his pain.

The court finds, upon *de novo* review, that substantial evidence supports the ALJ's determination of plaintiff's RFC. Although the ALJ did not expressly discuss plaintiff's neuropathy, headaches, or dizziness, the magistrate judge found, and the court agrees, that these impairments are more accurately described as effects or symptoms of plaintiff's mild lumbar spine disorder and brain cyst, two severe impairments the ALJ did find plaintiff suffers from. (Tr. 18.) Plaintiff does not object to the magistrate judge's finding that the ALJ's discussion of plaintiff's lumbar disorder and brain cyst adequately account for plaintiff's neuropathy and headaches (M&R 7-8), so the court adopts that portion of the M&R as its own.

The evidence of record supports the ALJ's RFC finding. As to plaintiff's neuropathy, plaintiff points to alleged numbness and weakness in his legs, limping, and changes in his digits. (Pl.'s Mem. 14.) Due to medical evidence showing plaintiff's strength still intact, however, the ALJ apparently did not find plaintiff disabled in this regard. The ALJ noted that Dr. Locklear's consultative examination found plaintiff to have good strength in the upper and lower extremities and a full range of motion, with the exception of limitations in his bilateral knee flexion. (Tr. 16-17,

8

236, 238.) Dr. Locklear further found that plaintiff does not require a cane for ambulation and could sit, stand, move about, and perform dexterous movements with his hands, such as picking up small objects, writing, turning knobs, and pinching. (Tr. 236-37.) These findings are consistent with the evaluation by neurosurgeon Dr. George Huffmon, III, in June 2003, which the ALJ also discussed. (Tr. 16, 152-53.) Dr. Huffmon found that plaintiff was in no acute distress, had normal gait, and full motor strength in the upper and lower extremities. (Tr. 152-153.)

Similarly, the record does not support plaintiff's contention that dizziness and headaches stemming from his brain cyst are disabling. At the hearing, plaintiff described his problem as becoming "a little dizzy," and he testified that in the month preceding the hearing, he had suffered only three dizzy spells. (Tr. 335.) Furthermore, plaintiff denied trouble with dizziness when examined by Dr. Huffmon. (Tr. 152.) The ALJ expressly discussed plaintiff's testimony, Dr. Huffmon's report, and other relevant evidence. (Tr. 16, 18.) Similarly, plaintiff points to no evidence establishing that his headaches preclude him from performing sedentary work. Plaintiff's testimony regarding his activities of daily living, which include living alone, doing his own cooking, cleaning, laundry, and riding a lawnmower, support the ALJ's determination that plaintiff retains the RFC for certain sedentary work. (Tr. 18, 345.)

### 3. Credibility of Plaintiff's Subjective Complaints

Plaintiff also objects to the M&R on the basis that the ALJ improperly found that plaintiff's subjective complaints were not credible. The ALJ found that "the testimony of the claimant is not fully credible concerning his symptoms and the extent of his limitations, but it is credible concerning his activities of daily living, which include housework and yard work." (Tr. 18.) As a preliminary matter, the court notes that the ALJ did find plaintiff credible with respect to the fact that he suffers

from various severe impairments, that he cannot perform his past relevant work, and that he cannot perform even a full range of sedentary work. The ALJ found plaintiff not credible only to the extent that he alleges that his symptoms and limitations preclude him from performing any work that exists in the national economy.

The court is not permitted to make credibility assessments, but must instead determine if the ALJ's credibility assessment is supported by substantial evidence. Craig, 76 F.3d at 589. Upon first establishing the existence of a medically-determinable physical impairment that could reasonably be expected to produce the claimant's symptoms, the ALJ must then evaluate the intensity, persistence and limiting effects of said symptoms on a claimant's ability to perform basic work. 20 C.F.R. § 404.1529(c)(1); SSR 96-7p at *1; see Craig, 76 F.3d at 595. Here, no error is alleged with respect to the first step. This evaluation requires the ALJ to determine the degree to which the claimant's statements regarding symptoms and their functional effects can be believed and accepted as true; thus, the ALJ must consider conflicts between the claimant's statements and the rest of the evidence. 20 C.F.R. § 404.1529(c)(4); SSR 96-7p at *4. A claimant's symptoms, including pain, are considered to diminish his capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical evidence and other evidence. 20 C.F.R. § 404.1529(c)(4). In assessing credibility, the ALJ must consider the entire case record, provide specific reasons for the credibility finding, and ensure the weight accorded to the claimant's statements is evident to the claimant and any subsequent reviewers. SSR 96-7p at *2; Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985).

Plaintiff objects that the ALJ's credibility determination is not supported by substantial evidence. The court disagrees. First, it is apparent that the ALJ did give some weight to plaintiff's

complaints, as the ALJ's decision expressly rejected the finding by the non-examining state agency consulting physician that plaintiff could perform a significant range of light work, and instead found that plaintiff could perform only a limited range of sedentary work. (Tr. 18-19, 21.) Furthermore, the ALJ provided a detailed explanation of the determination that plaintiff's testimony was not fully credible concerning his symptoms and the extent of his limitations. The ALJ noted that the decision was based on the record as a whole, and the decision specifically cited a chest X-ray from March 2004 indicating that plaintiff's cardiomegaly was mild at most, testimony and medical records indicating that plaintiff's last seizure was in 1995, a cardiac catheterization showing essentially normal coronary arteries, and the essentially unremarkable physical examination results from a consultative examination. (Tr. 18.) The court thus finds that the ALJ sufficiently supported the credibility determination with specific reference to evidence from the record.

## CONCLUSION

Where the court has conducted a *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, otherwise adopting as its own the uncontested proposed findings and conclusions upon a considered review, for the reasons more particularly stated herein, the M&R is ADOPTED. The court therefore upholds the decision of the Commissioner. Plaintiff's motion for summary judgment is DENIED, and defendant's motion for judgment on the pleadings is GRANTED. The clerk is directed to close the case.

SO ORDERED, this the 21 day of October, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge

11